UNITED STATES DISTRICT COURT    b
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EMERALD LAND CORP. | CIVIL ACTION 6:17-CV-01655 |
| VERSUS | UNDESIGNATED JUDGE |
| CHEVRON U.S.A. HOLDINGS, INC., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Plaintiff filed a Motion to Remand (Doc. 12). Because there is complete diversity of citizenship among the parties, Plaintiff's Motion to Remand (Doc. 12) should be denied.

## I. Background

Plaintiff Emerald Land Corp. ("Emerald") filed a petition for a declaratory judgment and injunctive relief, in the Louisiana 16th Judicial District Court in St. Mary Parish, against Defendants Trimont Energy (BL), L.L.C. ("Trimont LLC") and Whitney Oil & Gas, L.L.C. ("Whitney LLC") (Doc. 1).[1] Trimont LLC and Whitney LLC answered the complaint (Doc 1-2, p. 64/330).[2]

In a second amending petition filed on October 30, 2017 (Doc. 1-3, p. 260/331), Emerald added defendants Chevron U.S.A., Inc. and Chevron U.S.A. Holdings Inc.

---

[1] Emerald is a landowner in St. Mary Parish, Louisiana. Part of Emerald's land is subject to oil, gas, and mineral leases, some of which are currently held by Emerald, EnerVest, and Trimont. The dispute concerns possessory rights, disposal wells, and a Produced Water Disposal Agreement.

[2] Emerald filed the original complaint on January 3, 2017 (Doc. 1-2, p. 5/330), and a first amended petition on February 13 2017 (Doc. 1-2, p. 296/330).

(collectively "Chevron"); EnerVest Energy, L.P.; EnerVest Operating, L.L.C.; and Texas Energy & Environmental, Inc. (Doc. 1).

Chevron removed the case, with consent from the other six Defendants, on December 21, 2017 (Doc. 1). Chevron premises jurisdiction on diversity.

Emerald filed a Motion to Remand (Doc. 12), to which Defendants responded (Doc. 20). Emerald replied (Doc. 23) and Chevron filed a sur-reply (Doc. 36).

## II.    Law and Analysis

Emerald contends there are two non-diverse defendants, Trimont LLC and Whitney LLC, so the case should be remanded.

### A.  Citizenship in diversity jurisdiction.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008). Diversity of citizenship must exist at the time the action is commenced. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury, 85 F.3d at 249; see also Stevens v. Nichols, 130 U.S. 230, 231 (1889); 14B C.A. Wright & A.R. Miller, Federal Practice & Procedure § 3723 (4th ed. 2018). If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent

changes in the citizenship of the extant parties.  Coury, 85 F.3d at 249 (citing Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957)).

A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated, and of the State or foreign state where it has its principal place of business.  Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014).  The citizenship of a limited liability company, a limited partnership, or another unincorporated association or entity is determined by the citizenship of all its members.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008).

The burden of persuasion for establishing diversity jurisdiction is on the party asserting it.  See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).  When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.  See Hertz Corp., 559 U.S. at 96-97.

B. Defendants Trimont LLC and Whitney LLC are diverse in citizenship from Plaintiff Emerald.

Emerald is a Louisiana corporation with its principal place of business in Louisiana.  Emerald contends that, according to the Louisiana Secretary of State, Trimont LLC and Whitney LLC are both Louisiana companies with registered offices in Louisiana (Doc. 1).  Emerald argues that the sole member of each LLC, Trimont Energy Limited, Inc. ("Trimont Inc."), had its principal place of business in New Orleans, Louisiana, so it was also a citizen of Louisiana.

Chevron contends Trimont Inc. was incorporated in Pennsylvania and, when this action was originally filed in state court on January 3, 2017, had its principal

place of business in Pittsburgh, Pennsylvania.  Chevron further contends that, on January 13, 2017, the principal place of business was transferred to Houston, Texas. Chevron argues that Trimont Inc. was not, and is not, a citizen of Louisiana.

Defendants must show by a preponderance of the evidence that the principal place of business of member-corporation Trimont Inc. was outside of Louisiana.  See Elizondo v. Keppel Amfels, L.L.C., 2015 WL 1976434 (S.D. Tex. 2015) (citing Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012)).  "Principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  See Hertz Corp., 559 U.S. at 92-93; Bullard v. MECO Corp., 2015 WL 12938978 at *4 (E.D. Tex. 2015).  In practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, meetings attended by directors and officers who have traveled there for the occasion). See id.  A corporation's "nerve center," usually its main headquarters, is a single place.  See Hertz Corp., 559 U.S. at 93.  A corporation can have only one principal place of business, which is where top officers direct the corporation's activities and not necessarily where a corporation's general business activities take place or where its plants, sales locations, or employees are located.  See Elizondo, 2015 WL 1976434 at *4; Bullard v. MECO Corp., 2015 WL 12938978, *4 (E.D. Tex. 2015).

Factual assertions related to a corporation's state of incorporation and principal place of business are entitled to a presumption of truth.  See Elizondo, 2015

WL 1976434 at *3-4 (citing Harris, 682 F.3d at 850-51); Bullard, 2015 WL 12938978 at *4. However, when jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction. See Guerrero v. State Farm Mut. Auto. Ins. Co., 181 F. 3d 97, *2 (5th Cir. 1999). Jurisdictional allegations that have been challenged must be maintained by "competent proof." See Guerrero, 181 F. 3d at *2 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); see also Dupuis v. Lisco, 2015 WL 6506180, *2 (W.D. La. 2015).

Chevron submitted an affidavit by J. Hunter Coates ("Coates"), CEO of Trimont Energy Limited, Inc., Trimont LLC, and Whitney LLC (Doc. 1-6). Coates states in his affidavit that he became CEO on November 1, 2016. Coates further states that, at the time the state action in this case was filed on January 3, 2017, Trimont Inc. was a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania (Doc. 1-6). Since Trimont Inc. was a citizen of Pennsylvania, both Trimont LLC and Whitney LLC were citizens of Pennsylvania.

Emerald argues the Louisiana Secretary of State listed a New Orleans address for Trimont Inc., giving rise to the *inference* that Trimont Inc. is a Louisiana citizen. To supports its argument, Emerald submitted Articles of Organization and Notices of Change for Trimont LLC and Whitney LLC.

The Articles of Organization for Trimont LLC show Trimont LLC has a registered office in New Orleans and a "mailing address" in Pittsburgh, Pennsylvania; and that member Trimont Inc. has an address in Pittsburgh, Pennsylvania (Doc. 120-1). The 2016 annual report for Trimont LLC shows member Trimont Inc. has an

address in New Orleans, Louisiana (Doc. 12-3).  A Notice of Change for Trimont LLC also shows member Trimont Inc. has a New Orleans address (Doc. 12-4).

Likewise, a Notice of Change for Whitney LLC shows Trimont Inc., with a New Orleans address, became the sole member in 2016 (Doc. 12-9).  The 2016 annual report for Whitney LLC shows Trimont Inc. had a New Orleans address (Doc. 12-10). A 2017 Notice of Change for Whitney LLC shows the address for Trimont Inc. changed to Houston, Texas (Doc. 12-11).

Emerald is attempting to indirectly prove the location of the corporate headquarters of Trimont Inc. through the addresses listed on paperwork for the two Louisiana LLCs.  None of the various addresses for Trimont Inc. listed in the paperwork for Trimont LLC and Whitney LLC, purport to be the address of its corporate headquarters.

Defendants show, through Coates's affidavit, that the Pittsburgh office was the corporate office for Trimont Inc., and the New Orleans office was the operational office (Doc. 1-6, p. 3/4).  Pursuant to a merger with another Trimont company on January 13, 2017, Trimont Inc. became a Delaware corporation with its principal place of business in Texas (its name did not change).  The offices in Pittsburgh and New Orleans were completely shut down between November 1, 2016 and April 5, 2017, and all business functions were transferred to and consolidated in Houston, Texas (Doc. 1-6).  Thus, at the time of removal on December 21, 2017, Trimont Inc. was a citizen of Delaware and Texas.

Chevron has shown through CEO Coates's affidavit that the corporate headquarters of Trimont Inc. was in Pittsburgh, Pennsylvania on January 3, 2017, and was transferred to Houston, Texas pursuant to a corporate merger on January 13, 2017.  Emerald has not offered any direct evidence to rebut Coates's affidavit and Defendants' verified facts.

Chevron has provided sufficient evidence to show Trimont Inc.'s principal place of business (corporate headquarters) was never in Louisiana.  Since Trimont Inc. is the sole member of Trimont LLC and of Whitney LLC, then Trimont LLC and Whitney LLC were citizens of Pennsylvania at the time suit was filed and were citizens of Delaware and Texas when the case was removed.

Therefore, Trimont LLC and Whitney LLC were diverse from Emerald both when the action was commenced and when it was removed.[3]

## III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Emerald's Motion to Remand (Doc. 12) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such

---

[3] Although the parties argue vigorously about which date the action "commenced" (the date it was originally filed or the date Chevron was added as a party), that argument is moot.  Trimont Inc. was not a citizen of Louisiana on either January 3, 2017 or October 30, 2017.

as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this  21st   day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge