d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EMERALD LAND CORP, Plaintiff | CIVIL DOCKET NO. 6:17-CV-01655 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| TRIMONT ENERGY (BL) L L C ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Leave to File a Fourth Supplemental Complaint (the "Motion" or "Motion to Amend") (ECF No. 142) filed by Plaintiff, Emerald Land Corp ("Emerald"). Defendants Chevron U S A Inc. ("Chevron") EnerVest Energy L P, Enervest Operating L L C. ("EnerVest") (collectively, "Defendants") formally opposed the Motion.

In proposed paragraph 77, Emerald seeks to add a relevant fact to its pleadings – that a Defendant has formally released its rights to certain mineral leases. In the ordinary course, that fact alone may not warrant an amendment and responsive pleadings at this stage. Because it is here as part of a larger dispute, however, it should be allowed. The Motion to Amend (ECF No. 142) IS GRANTED IN PART to the extent that proposed Paragraph 77 is added.

However, Emerald's remaining allegations would effectively "revive" claims that have already been addressed and dismissed. Neither the new fact nor anything

1

else before the Court suffice *there*. The Motion to Amend should be DENIED IN PART in all other respects.

I. <u>Background</u>

Plaintiff Emerald Land Corp. ("Emerald") filed a petition in the Louisiana 16th Judicial District Court in St. Mary Parish, against Defendants Trimont Energy (BL), L.L.C. ("Trimont") and Whitney Oil & Gas, L.L.C. ("Whitney") (ECF No. 1).[1] Trimont and Whitney answered. (ECF No. 1-2, p. 64).[2]

Emerald filed a second amending petition on October 30, 2017. (ECF No. 1-3, p. 260/331) adding Chevron and EnerVest; and Texas Energy & Environmental, Inc. ("Texas Energy"). (ECF No. 1).

Emerald contends that some of its property in St. Mary Parish lies within the Bateman Lake Oil and Gas Field ("Bateman Field"), and was subject to three oil, gas, and mineral leases ("the Mineral Leases") between the previous owner, Wax Bayou Company, as lessor, and The Texas Company as lessee. (ECF No. 60). Emerald alleges the Mineral Leases recorded in St. Mary Parish are involved in this action: (1) a 1934 mineral lease (C.O.B. 5-C, Entry No. 58779); a 1940 mineral lease (C.O.B. No. 5-X, Entry No. 66288); and (3) a 1950 mineral lease (C.O.B. 7-Q, Entry No. 81992) (collectively, "the mineral leases"). (ECF No. 60). Emerald contends the ultimate

---

[1] Emerald owns about 8,500 acres in St. Mary Parish, Louisiana. ECF No. 1-3. Part of Emerald's land is subject to oil, gas, and mineral leases, some of which are currently held by Emerald, EnerVest, and Trimont.

[2] Emerald filed the original complaint on January 3, 2017 (ECF No. 1-2 at 5), a first amended petition on February 13, 2017 (ECF No. 1-2 at 96), a second amended petition on October 30, 2017 (ECF No. 1-3 at 260), and a third amended and supplemental complaint on June 14, 2019 (ECF No. 86).

successors to The Texas Company, as the lessees under the Mineral Leases, are: (1) Chevron (deep rights from May 1, 2002 to August 2, 2012); (2) EnerVest (shallow rights from January 1, 2000 to July 1, 2005); (3) Trimont (from July 10, 2015 to the present); and (4) Texas Energy (its subsidiary Louisiana Energy & Environmental, Inc. acquired mineral rights on January 1, 2000). (ECF Nos. 1-3, 60). Whitney is Trimont's contract operator for wells in the Bateman Field that are within the scope of the Mineral Leases. (ECF Nos. 1-3, 60).

Emerald contends the Bateman Field no longer produces in paying quantities. (ECF No. 1-3). Emerald further contends the Mineral Leases automatically terminate once they no longer produce in paying quantities. Emerald alleges Trimont and Whitney continue to operate the wells, despite lack of production, in order to avoid triggering their plugging and abandonment obligations. (ECF Nos. 1-3, 60). Emerald further alleges that its Produced Water Disposal Agreement with Trimont and Whitney expired on August 15, 2015, but they are continuing to use and operate the water disposal wells despite a demand to cease and desist on November 23, 2016. (ECF No. 1-3). Emerald alleges it was paid royalties of less than ten cents per acre for the last 18 months of 2016 and 2017. (ECF No. 1-3).

Additionally, Emerald contends Defendants have abandoned unused equipment and debris, oilfield sites, shut-in wells and idle flowlines, and unused canals on its property that have contaminated the surface and the ground water. (Docs. 1-3, 60). According to Emerald, Defendants disposed of produced water in salt-

water disposal wells on Emerald's property without having the right or permission to do so. (Docs. 1-3, 60).

Emerald seeks: (1) a declaratory judgment against Trimont and Whitney that the Mineral Leases automatically terminated for failure to produce in paying quantities (La. R.S. 31:124), and that they failed to furnish a recordable instrument evidencing termination of the mineral leases (La. R.S. 31:206); (2) damages for trespass in bad faith against Trimont and Whitney because Trimont/Whitney have entered Emerald's property access and used the disposal wells on Emerald's property for produced salt water; (3) alternatively, damages for unjust enrichment against Trimont and Whitney due to unauthorized access and use of Emerald's disposal wells; (4) damages for property restoration and remediation due to Defendants' contamination and pollution of Emerald's property (La. C.C. arts. 667, 2315, 2317, 2322, La. R.S. 30:29, State and Local Coastal Resources Management Act of 1978 and coastal zone regulations) (alleging abandoned equipment, batteries, and debris, shut-in wells, failure to backfill miles of canals that are no longer used); and (5) damages for breach of contract. (Docs. 1-3, 60).

Chevron removed the case on diversity with consent from the other Defendants (ECF No. 1). After Emerald's Motion for Remand was denied (ECF No. 41), the parties jointly and voluntarily dismissed Chevron USA Holdings, Inc. (ECF No. 55). Texas Energy was dismissed for failure to effect service. (ECF No. 64).

The remaining Defendants then filed Motions to Dismiss that were granted in part, dismissing Emerald's claims: (1) for continuing torts due to land loss/subsidence

caused by canals or for leaking waste pits; (2) for strict liability; (3) for backfilling canals, and (4) for civil fruits. (ECF Nos. 70, 85). Emerald filed a Third Amended and Supplemental Complaint to comply with the Court's Order for a More Definite Statement (ECF No. 85) and to specify the locations of the alleged unlined and leaking pits; specify whether and when the primary term of the mineral leases expired; specify and provide the remediation and restoration provisions in the leases; and specify what Chevron and EnerVest did or failed to do that caused damage to Emerald's property. ECF No. 86. Defendants answered the Complaints (ECF Nos. 89, 90, 91).

And that brings us to Emerald's Motion for Leave (ECF No. 142).

II. <u>Law and Analysis</u>

    A. <u>A court should deny leave when a proposed amendment is futile.</u>

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court.[3] *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)). However, joinder of additional defendants in an action requires permission from the court, and the defendants must be involved

---

[3] A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. *See Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1053 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(a).

in the same transaction or occurrence, with common questions of law or fact, as the originally named defendants. *See* Fed. R. Civ. P. Rule 20.

In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)). A court may also deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is "futile," essentially, if it fails to state a claim upon which relief can be granted. *See id.* at 873.

### B. The proposed amendment should be denied as futile.

In Emerald's view, the formal termination of the Mineral Leases on May 5, 2020 "triggered" Defendants' legal obligation to restore Emerald's property as required by La. R.S. 31:1, *et seq.* and the State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21, *et seq.* The parties dispute the meaning of Emeralds' prior allegations that the Mineral Leases had terminated automatically, and the Court's acceptance of that allegation in ruling on motions to dismiss. It seems clear that this dispute is fruitless. But to be clear, the Court never *ruled* that the Mineral Leases were terminated. The Court *accepted* that fact as true for purposes of a prior motion – and by law – and now considers an averment from Emerald that the Mineral Leases have been formally terminated by recorded act. [4]

---

[4] Defendants also argue the amendment is dilatory. While the latter may be true, the former is sufficient. Still, under the scheduling order in effect when Plaintiff's Motion to Amend was filed, the

6

Emerald's effort to distinguish this claim from its prior claim is artful, and certainly understandable. But Defendants' positions are ultimately correct.

First, it is simply correct that three years ago, Emerald pleaded every meaningful word of the amendment now proposed amendment in the second amended petition. ECF No. 1-3 at 180-81. The context and format were different. And now that the Mineral Leases have been terminated formally, the backdrop was different. But the sum and substance were undoubtedly there – an effort to import statutory backfilling obligations, either directly or contractually.

Second, it is correct that the Court dismissed this claim to recover damages for "backfilling canals," however stated. The claim failed because, in summary, Emerald had neither a general nor a specific "remediation" or other claim to recover damages for backfilling. Emerald has always maintained that Defendants were obligated to backfill as a matter of course, and loosely, as a matter of statutory obligation Emerald has not alleged that, under the Mineral Leases here, or given Defendants' actions here, damages were recoverable. And in that case, they are not recoverable.

The Court's decision to dismiss was not remarkable here. Like other courts before it, the Court distinguished between other forms of "remediation" and "restoration" damages and foreseeable "wear and tear" costs for backfilling dredged canals. The Court found no independent obligations to backfill here absent

---

deadline to amend pleadings was 180 days before the pretrial conference, or May 21, 2020. ECF No. 107. The Motion to Amend was filed after the deadline, on August 21, 2020, and well after the events underlying the proposed amendment occurred in May. Even without knowledge on Emerald's part, these delays are significant and potentially prejudicial.

7

"ordinary" fault ("unreasonableness or excessiveness") or a contractual obligation. *Levet v. Exxon Mobil Corp.*, No. CV 6:15-2069, 2015 WL 9685555, at *12 (W.D. La. Nov. 19, 2015), *report and recommendation adopted,* No. CV 6:15-2069, 2016 WL 112678 (W.D. La. Jan. 8, 2016). And the Court did not import – to a successor mineral lessee – regulatory obligations to backfill canals or pay damages without a legal basis drawn from an applicable source of law – the Mineral Code, the Louisiana Civil Code, or the Mineral Leases themselves, in this case.  In short, the Court dismissed the claim because it was not legally viable as intentionally and clearly pleaded.

And last, Defendants are correct that any formal termination of the Mineral Leases could not change these conclusions.  The dismissal of backfilling claims was not based upon the validity of the leases, or the absence of a regulatory obligation.

### III. Conclusion

The Motion to Amend (ECF No. 142) should be GRANTED IN PART to the extent it seeks to add Paragraph 77 but DENIED IN PART in all other respects as futile.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 16, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE